Goura NDIAYE, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 09–3632.

United States Court of Appeals,
Sixth Circuit.

Feb. 15, 2011.

COOK, Circuit Judge.

In October 2007 Goura Ndiaye, a native
and citizen of Mauritania, applied for asy-
lum and withholding of removal. *See* 8
U.S.C. §§ 1158, 1231(b)(3). An immigra-
tion judge denied his applications because
Ndiaye failed to establish either past per-
secution or a well-founded fear of future
persecution. The Board of Immigration
Appeals ("BIA") then dismissed his appeal.
We affirm.

Even if we agree with all of Ndiaye's
appellate arguments in this case, he still
loses. Regardless of any error in the
BIA's adverse rulings on credibility and
corroborating evidence, the BIA—credit-
ing Ndiaye and his evidence of past perse-
cution—further denied him asylum be-
cause conditions in Mauritania have
changed since his departure. *See* 8 C.F.R.
§ 208.13(b)(1)(i)(A); *Ly v. Holder*, 396
Fed.Appx. 304, 307–09 (6th Cir.2010) (ex-
plaining that proof of past persecution
raises a presumption of a well-founded
fear of future persecution, a presumption
the government may rebut with evidence
of changed country conditions). Ndiaye
does not contest this changed-country-con-

ditions finding on appeal, and, as explained
below, substantial evidence supports it.
*See Khalili v. Holder*, 557 F.3d 429, 435
(6th Cir.2009) ("This Court reviews ... the
BIA's factual findings under the substan-
tial-evidence standard.").

First, the record includes the U.S. De-
partment of State country reports for
Mauritania for 2004, 2005, and 2006, which
detail changes in the country since Ndiaye
left. As the BIA noted, these reports
demonstrate that (1) "[r]efugees from Sen-
egal"—like Ndiaye—"continue to return
independently to Mauritania in small num-
bers"; (2) the refugees "have benefited
from various agroforestry, health, and san-
itation projects conducted by NGOs and
humanitarian workers"; and (3) "[a]l-
though the cooperation of local authorities
has varied greatly, many returnees have
regained their original homes, some prop-
erty, and at least a portion of their land."
*In re Ndiaye*, No. A079–566–564, at 2
(B.I.A. May 11, 2009) (decision dismissing
appeal). The reports thus constitute sub-
stantial evidence of changed country condi-
tions in Mauritania. *See Sall v. Gonzales*,
239 Fed.Appx. 975, 981 (6th Cir.2007) (re-
lying on the 2003 State Department coun-
try report for Mauritania); *see also Ly*,
396 Fed.Appx. at 310 ("We have recently
upheld findings in several cases that the
changed country conditions in Mauritania
reduce any objective fear of future perse-
cution.").

Second, after the government rebutted
the presumption of a well-founded fear of
persecution, Ndiaye presented no evidence
contradicting the State Department re-
ports. Though he claims to fear future
persecution because of his political opin-
ions, he offers no supporting evidence, and,
as a result, cannot show that the Maurita-
nian government (or any other force) con-
tinues to harbor an interest in him. *See,
e.g., Mullai v. Ashcroft*, 385 F.3d 635, 639

(6th Cir.2004) (denying asylum where, in response to evidence of changed country conditions, petitioner failed to "demonstrate[ ] that the current government ... would target her for persecution").

Because Ndiaye fails to meet his burden of proof for asylum, he also fails to satisfy the higher burden required to establish eligibility for withholding of removal. *See* *Rreshpja v. Gonzales,* 420 F.3d 551, 557 (6th Cir.2005). We therefore affirm the BIA's decision.